IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CODY LEE FULGHAM, # 65914 | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:17-CV-237-WKW (WO) |
| KIM TURNER, *et al.*, | ) ) | |
| Defendants. | ) | |
| CODY LEE FULGHAM, # 65914 | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:17-CV-269-WKW |
| ANDY HUGHES, *et al.*, | ) ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

On January 10, 2018, the Magistrate Judge entered an Order (Doc. # 52) denying Plaintiff Cody Lee Fulgham's motion (Doc. # 50) for contempt. On January 22, 2018, Plaintiff filed an objection (Doc. # 54) to the Magistrate Judge's January 10, 2018 Order. After an independent and *de novo* review of those portions of the Recommendation to which objection is made, Plaintiff's objection is due to be overruled because the Magistrate Judge's January 10, 2018 Order is free of clear

error and is not contrary to law. *See* Fed. R. Civ. P. 72(a) (providing that, upon review of an objection to the order of a magistrate judge concerning a nondispositive matter, "the district judge . . . must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law").

## I. DISCUSSION

Criminal contempt[1] for perjury generally requires a showing of intent to obstruct justice by committing perjury and that justice was, in fact, obstructed. 18 U.S.C. § 401(1)[2] ("A court of the United States shall have power to punish by fine

---

[1] Plaintiff's motion for contempt is reasonably construed as containing a request for a summary criminal contempt finding and a request for referral for criminal contempt prosecution. *See* 28 U.S.C. § 636(e)(2); Fed. R. Crim. P. R. 42(a)-(b). Plaintiff accused Defendant Brazier of "Perjury in the First Degree," accused Defendant Brazier of violating federal statutes, and requested that Defendant Brazier be "held in contempt of court" and that the court "pursue criminal prosecution" against Defendant Brazier. (Doc. # 51.) The remedies Plaintiff sought were punitive in nature, not remedial. *See McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) (holding that, "as distinguished from criminal contempt", civil contempt does not require proof of intent because civil contempt is a remedial "sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance"). Accordingly, even when construed liberally in light of Plaintiff's *pro se* status, Plaintiff's motion does not appear to invoke civil contempt proceedings. The Magistrate Judge did not clearly err in construing Plaintiff's motion as requesting only criminal contempt remedies. *See* 28 U.S.C. § 636(e)(6)(B)(iii) (providing procedures for a magistrate judge to refer civil contempt matters to the district judge in cases proceeding under § 636(a) or (b) "or any other statute").

[2] See *Vaughn v. City of Flint*, 752 F.2d 1160 (6th Cir. 1985), in which the Sixth Circuit Court of Appeals explained the elements of criminal contempt under § 401(1) as follows:

> In *United States v. Seale*, 461 F.2d 345, 366-67 (7th Cir.1972), the court identified four elements required to support a contempt conviction under § 401(1): (1) There must be conduct which constitutes "misbehavior"; (2) the misbehavior must amount to an "obstruction of the administration of justice"; (3) the conduct must occur in the court's presence; (4) there must be some form of intent to obstruct. The minimum requirement for establishing intent was described as proof of "a volitional act done by one who knows or should reasonably be aware that his conduct is wrongful." *Id.* at 368. Most courts appear to agree on these four essential

2

or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [m]isbehavior of any person in its presence or so near thereto as to obstruct the administration of justice."); *United States v. Wright*, 854 F.2d 1263, 1264 (11th Cir. 1988) (affirming as a "correct statement of the law" the district court's jury instruction stating that the elements of criminal contempt under § 401(1) are "first, that the defendant did misbehave as described in the indictment; second, that the defendant's actions occurred in the presence of a court of the United States; third, that the defendant's actions caused the obstruction of the administration of justice; and fourth, that the defendant acted knowingly and willfully" (emphasis omitted)); *In re Rice*, 181 F. 217, 228 (C.C.M.D. Ala. 1910) ("No one can be punished for a criminal contempt unless the evidence makes it clear that he intended to commit it. To doubt is to be resolved in favor of respondent."). *Cf. United States v. Burstyn*, 878 F.2d 1322, 1324 (11th Cir. 1989) (holding that, "[i]n criminal contempt, willfulness means a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of an order" (citation and internal quotation marks omitted)).

---

elements[.]

*Vaughn*, 752 F.2d at 1167. *Accord.* United States v. Wright, 854 F.2d 1263, 1264 (11th Cir. 1988) (affirming similarly-worded jury instructions in a criminal contempt prosecution under § 401(1)).

The elements of the crime of perjury pursuant to 18 U.S.C. § 1621 (as opposed to criminal contempt) are as follows: "(1) an oath authorized by a law of the United States, (2) taken before a competent tribunal, officer or person, and (3) a false statement wilfully made as to facts material to the hearing." *United States v. Hvass*, 355 U.S. 570, 574 (1958) (citation and internal quotation marks omitted).

All Plaintiff presents in support of his allegations of criminal contempt and perjury are two affidavits that allegedly conflict with each other and/or with other evidence of record, *evidence that was submitted by Defendant Brazier*. The mere fact that two affidavits may conflict with each other or with other evidence does not, in and of itself, establish willful contempt and perjury as opposed to, for example, mistake, inadvertence, or excusable neglect. It is not readily apparent from the face of Defendant Brazier's affidavits that a conflict exists or that any conflict or ambiguity is the result of criminal intent to obstruct justice or commit perjury by willfully and intentionally making false statements of material fact.[3]

---

[3] In his original affidavit, Defendant Brazier stated that he *personally* "never received an appeal from . . . Plaintiff regarding any grievance" and that, "*to [Defendant Brazier's] knowledge*," Plaintiff had not submitted a grievance appeal "to any other member of jail staff *regarding any allegations contained in this lawsuit*." (Doc. # 33-1 at ¶10 (emphasis added).) In his supplemental declaration filed on November 8, 2017, Defendant Brazier stated that "Plaintiff's jail records contain two appeal forms dated December 13, 2016 and March 3, 2017." (Doc. # 45-1 at ¶ 4.) When Defendant Brazier first filed his original affidavit, he also filed the December 13, 2016 and March 3, 2017 grievance appeal forms along with an appeal form dated July 23, 2013. (See Doc. # 31-1; Doc. # 31-8 at 76-78.) Two of those grievance appeal forms (those from July 23, 2013 and March 5, 2017) concern matters that clearly are not the subject of this lawsuit — namely, a complaint about a charge against Plaintiff's prison account for a destroyed mat and request to change a rule allowing book approval only every three months. (Doc. # 31-8 at 76, 78.)

The fact that Defendant Brazier submitted Plaintiff's appeal forms tends to undermine any suggestion that Defendant Brazier was attempting to obstruct justice or misrepresent material facts about the existence of the appeal forms or their contents. In any event, justice will not be obstructed because Plaintiff has apprised the Magistrate Judge of the ambiguities and potential conflicts in Defendant Brazier's affidavits and the record on summary judgment, and the Magistrate Judge has stated that he will consider all the evidence and, "if necessary , . . . disregard portions of conflicting affidavits." (Doc. # 52.) Moreover, denial of Plaintiff's motion for criminal contempt at this stage does not preclude the Magistrate Judge from *sua sponte* initiating criminal or civil contempt procedures if further review on summary judgment suggests or confirms perjury or obstruction by *any* party.

---

The third grievance appeal, dated December 12, 2016, contains Plaintiff's complaint that, despite having previously submitted four grievances, he was only allowed to appeal one of those grievances. (Doc. # 77 at 31-8 at 77.) It is not immediately clear whether the December 12, 2016 grievance appeal is related to the subject matter of Plaintiff's amended complaint. (Doc. # 9 at ¶ 28 in 1:17-CV-269-WKW (complaining that "Plaintiff has, on several occasions, been refused the ability to exhaust administrative remedies. . . . Particularly, Plaintiff is continually denied grievance appeal forms.").) A "Deputy J. Jones" authored the appeal response, which stated that appeal forms were not available for grievances where the inmate's complaint (a challenge to a jail rule) was not subject to the grievance procedure. Nothing on the December 12, 2016 grievance appeal form or in Deputy Jones's response indicates what jail rule Plaintiff sought to challenge in conjunction with that grievance appeal or whether that jail rule is related to this action. Further, the December 12, 2016 grievance appeal form does not contain any indication either that it was submitted to Defendant Brazier or that Defendant Brazier was aware that the appeal form had been submitted. Thus, it is not clearly apparent from the face of the materials in the record that Defendant Brazier intended to commit perjury or obstruct justice when he stated that he did not personally receive a grievance appeal from Plaintiff and that he was not aware that Plaintiff had submitted a grievance appeal regarding the subject matter of this litigation.

In sum, nothing in the record, Plaintiff's motion or objection, or the Magistrate Judge's January 10, 2018 Order indicates that the Magistrate Judge abused his discretion, committed clear error, or erred as a matter of law in denying Plaintiff's motion for criminal contempt. 18 U.S.C. § 401 (providing that "[a] court of the United States shall have power to punish" criminal contempt "by fine or imprisonment, or both, at its discretion").

## II. CONCLUSION

Accordingly, it is ORDERED:

1. Plaintiff's objection (Doc. # 54) to the Magistrate Judge's January 10, 2018 Order (Doc. # 52) is OVERRULED.

2. This action is referred back to the Magistrate Judge for further proceedings. DONE this 3rd day of April, 2018.

                            /s/ W. Keith Watkins
                    CHIEF UNITED STATES DISTRICT JUDGE